IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2014-FL

| KEVIN AUSTIN KIRBY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| JUSTIN ANDREWS, | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion for summary judgment, (DE 12) and petitioner's motion to grant the petition, (DE 24). The motion for summary judgment has been fully briefed and respondent did not respond to petitioner's motion. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion for summary judgment and denies petitioner's motion to grant the petition.

**BACKGROUND**

Petitioner challenges the Federal Bureau of Prisons's ("BOP") refusal to designate, nunc pro tunc, his state prison as the facility for service of his federal sentence, which would have the effect of running his state and federal sentences concurrently. The relevant circumstances of petitioner's federal and state criminal prosecutions, set forth below, are not in dispute.

On April 28, 2011, federal authorities indicted petitioner on two counts of distributing marijuana and one count of possession of a firearm by a felon. United States v. Kirby, No. 5:11-

CR-119-1BO (E.D.N.C. Apr. 28, 2011). Petitioner pleaded guilty to distributing marijuana and he was sentenced in this court to five years' probation. Id. (Nov. 14, 2011). In December 2012, North Carolina authorities arrested petitioner in connection with a robbery. (Ray Decl. (DE 15-1) ¶ 7).[1] On March 26, 2013, petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum for probation revocation proceedings. (Id. ¶ 8). On June 3, 2013, this court revoked petitioner's probation and sentenced him to a term of 60 months' imprisonment. United States v. Kirby, No. 5:11-CR-119-1BO (E.D.N.C. June 3, 2013). The court's judgment was silent as to whether the federal sentence should run concurrent or consecutive to petitioner's anticipated state sentence. (See id.).

On June 11, 2013, the North Carolina state court sentenced petitioner to 62 months' imprisonment for conspiracy to commit robbery with a deadly weapon and discharge of a deadly weapon into property. (Ray Decl. (DE 15-1) ¶ 11). On May 16, 2016, petitioner was paroled from his state sentence and transferred to exclusive federal custody. (Id. ¶ 12).

The BOP prepared a sentence computation for petitioner, which commenced his federal sentence on May 16, 2016, the date he was transferred to federal custody. (Id. ¶ 13). Petitioner subsequently requested that the BOP designate, nunc pro tunc, his state prison as the facility for service of his federal sentence, thereby commencing his federal sentence on the date this court revoked his probation and imposed his federal sentence of 60 months' imprisonment. (See id. ¶ 14). Because this court's probation revocation judgment did not specify whether the federal sentence should run consecutive or concurrent to the then anticipated state sentence, the BOP

---

[1] Alan Ray ("Ray") submitted a declaration in support of respondent's motion for summary judgment. Ray is employed by the BOP as a management analyst, assigned to the Designation and Sentence Computation Center. (Ray Decl. (DE 15-1) ¶ 1).

2

requested the federal sentencing judge's position on petitioner's nunc pro tunc request. (Id.). On September 20, 2016, the federal sentencing judge issued order clarifying that he intended the federal sentence to run consecutive to the state sentence. (Id. ¶ 15); United States v. Kirby, No. 5:11-CR-119-1BO (E.D.N.C. Sept. 20, 2016). The BOP then completed a "Factors Under 18 U.S.C. § 3621(b) Worksheet," which analyzed petitioner's request for nunc pro tunc designation under the factors Congress has directed the BOP to consider when determining a federal prisoner's place of imprisonment. (Ray Decl. (DE 15-1) ¶ 16); see also 18 U.S.C. § 3621(b). The BOP denied the request for nunc pro tunc designation and thereby determined that the state and federal sentences must run consecutively. (Ray Decl. (DE 15-1) ¶ 17).

After exhausting administrative remedies, petitioner filed the instant habeas petition. Petitioner requests an order directing the BOP to reconsider its denial of nunc pro tunc designation. Petitioner primarily argues that the state court ordered his state sentence to run concurrent to his federal sentence and the BOP failed to consider the state court's preference for concurrent sentences when it denied the request. Respondent timely moved for summary judgment, supported by the Ray declaration and accompanying exhibits. Petitioner did not initially respond to the motion for summary judgment. Before the resolving the motion, the court stayed this action pending the United States Court of Appeals for the Fourth Circuit's resolution of Mangum v. Hallembaek, 910 F.3d 770 (4th Cir. 2018). The parties timely filed supplementary briefing addressing the effect of Mangum on petitioner's claims, and the matter now is ripe for resolution. Additionally, on April 8, 2019, petitioner filed the instant motion to grant the petition. Respondent did not respond to the motion.

3

# DISCUSSION

A.	Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.	Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the BOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted, petitioner alleges the BOP abused its discretion by denying his nunc pro tunc designation request by failing to consider the state court's expressed intent for concurrent

sentences.[2] Under 18 U.S.C. § 3621(b), the BOP may "designate any available penal or correctional facility that meets minimum standards of health and habitability [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . ., that [the BOP] determines to be appropriate and suitable." The BOP must weigh five factors in making this determination:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Pursuant to § 3621(b), the BOP has authority to designate, nunc pro tunc, a state facility for service of a federal sentence. See Mangum v. Hallembaek, 824 F.3d 98, 100-01 (4th Cir. 2016) ("Mangum I"); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Where the inmate is subject to both federal and state sentences, the BOP's nunc pro tunc designation can have the effect of running his federal and state sentences concurrently. See Mangum I, 824 F.3d at 101.

Petitioner argues that the Fourth Circuit's decisions in Mangum I and Mangum v.

---

[2] The parties dispute whether the state court ordered the state sentence to run concurrent to the federal sentence. (Compare DE 20 with DE 22). The court assumes without deciding that the state court ordered concurrent sentences.

Hallembaek, 910 F.3d 770 (4th Cir. 2018) ("Mangum II") compel the BOP to give substantial weight to the state court's order that his state sentence run concurrent to his federal sentence. In Mangum I, a federal prisoner ("Mangum") challenged the BOP's decision denying his request for nunc pro tunc designation. 824 F.3d at 98. Similar to petitioner, Mangum was in primary state custody awaiting arraignment and sentencing on state criminal charges when the federal court sentenced him. Id. at 99-100. The federal judgment was silent as to the whether the federal sentence should run concurrent or consecutive to his anticipated state sentence. Id. at 100. After Mangum's federal sentencing, the state court sentenced him and ordered the sentence to run concurrently to the federal sentence. Id. However, when Mangum arrived in federal custody, the BOP rejected his request to designate, nunc pro tunc, the state prison as the facility for service of his federal sentence, thereby determining that his state and federal sentences must run consecutively. Id. at 100-01. Mangum sought habeas relief pursuant to § 2241, but this court initially denied relief. Id. at 101.

On appeal, the Fourth Circuit concluded the BOP abused its discretion in denying nunc pro tunc relief. As relevant here, the Fourth Circuit reasoned that

> [a]t the time Mangum was sentenced in the North Carolina federal court in May 2007, a federal district judge in this circuit was powerless to impose a federal sentence to be served consecutively to a state sentence that had not yet been imposed. See United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006) ("The plain language of [§ 3584(a)] does not grant a district court authority to order that its sentence run consecutively to a future sentence."), abrogated in part by [Setser v. United States, 566 U.S. 231 (2012)], as stated in United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015). To be sure, Setser later resolved a circuit split in holding that, under § 3584(a), a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed," see [566 U.S. at 233, 236]. Nonetheless, we are confident that any definition of an arbitrary and capricious determination by an administrative agency such as the BOP would include within it the agency's invocation of a presumed

> intention on the part of a federal sentencing judge to do that which he was powerless to do under binding circuit precedent at the time he imposed a sentence. In this case, one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge <u>did say</u> rather than what the federal judge <u>did not and could not say</u>.

Id. at 102–03. The Fourth Circuit remanded the case to this court, with instructions to return the matter to the BOP to "fully evaluate all relevant factors under 18 U.S.C. § 3621(b) in a fashion consistent with the views expressed in this opinion." Id. at 103.

After remand, the BOP again denied Mangum's request for nunc pro tunc designation, relying on the federal sentencing judge's statement that he would not have ordered the federal sentence to run concurrently to the anticipated state sentence. Mangum II, 910 F.3d at 774-75. Mangum then filed a motion to compel in his closed habeas action in this court, seeking an order directing the BOP to comply with the Mangum I mandate. Id. at 775. This court denied the motion and Mangum appealed. Id.

In Mangum II, the Fourth Circuit reversed, holding the BOP failed "to evaluate the relevant factors under 18 U.S.C. § 3261(b) in a manner consistent with our mandate." Id. at 776. In particular, the Fourth Circuit explained Mangum I established the federal sentencing court's views were "legally irrelevant" under binding circuit precedent at the time and thus the BOP was not free to give the federal court's views more weight than the state court's expressed desire for concurrent sentences. Id. at 777-78. In other words, "[u]nder our mandate [in Mangum I] the state court's statement was entitled <u>as a matter of law</u> to receive more weight than the federal court's views which could be given no weight under binding circuit precedent at the time." Id. at 778.

Contrary to petitioner's arguments, this action is distinguishable from Mangum I and Mangum II because the federal court sentenced petitioner after the Supreme Court decided Setser.

7

As explained in Mangum II, this timing is significant: Setser abrogated prior Fourth Circuit precedent and held that a federal district court has authority to run a federal sentence concurrently or consecutively to an anticipated state sentence. Id. at 778 n.6; see also Setser, 566 U.S. at 236, 244. Thus, unlike Mangum II, the federal sentencing court's views were "highly relevant" to the BOP's analysis of petitioner's request for nunc pro tunc designation. See id. at 778 & n.6. The BOP therefore did not abuse its discretion by relying on the federal sentencing court's clear preference for consecutive sentences, and respondent is entitled to summary judgment.[3]

C.  Certificate of Appealability

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, the court LIFTS the stay, GRANTS respondent's motion for summary judgment, (DE 12), and DENIES petitioner's motion to grant the petition, (DE 24). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of January, 2020.



LOUISE W. FLANAGAN
United States District Judge

---

[3] Petitioner's only claim is that the BOP failed to properly consider the state court's preference for concurrent sentences. The court therefore does not evaluate the BOP's decision in any other respect.